**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**AT LONDON**

**CIVIL ACTION NO. 11-169-DLB**

**PATRICIA CALDWELL**                                                                    **PLAINTIFF**


**VS.**                          **MEMORANDUM OPINION AND ORDER**


**MICHAEL J. ASTRUE, Commissioner**
**SOCIAL SECURITY ADMINISTRATION**                                          **DEFENDANT**

*** *** *** ***

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record and the parties' dispositive motions, will affirm the Commissioner's decision, as it is supported by substantial evidence.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Patricia Caldwell filed applications for supplemental security income (SSI) and a period of disability and disability insurance benefits (DIB) on April 29, 2008. (Tr. 121-24, 125-27). At the time of filing, Plaintiff was 42 years old with a seventh grade education and certified nursing assistant (CNA) certification who had previously worked as a cook, daycare worker, supervisor, and CNA. (Tr. 16, 35, 28-29, 166). Plaintiff's applications alleged a disability onset date of November 24, 2007. (Tr. 121). Plaintiff alleges that she is unable to work due to constant pain, arthritis, a poorly healed broken hip, and an inability to sleep because of pain. (Tr. 30-31, 160).

1

Plaintiff's applications were denied initially and again on reconsideration. (Tr. 53-58). At Plaintiff's request, an administrative hearing was conducted on March 19, 2010 before Administrative Law Judge (ALJ) Wendell M. Sims. (Tr. 24-48). On April 28, 2010, ALJ Sims ruled that Plaintiff was not disabled under the Social Security Act and therefore not entitled to SSI or DIB. (Tr. 18). The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on April 22, 2011. (Tr. 1).

The present action was filed on June 21, 2011. (Doc. # 2). The matter has culminated in cross-motions for summary judgment, which are now ripe for adjudication. (Docs. # 10, 11).

## II.    DISCUSSION

### A.    Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are to review the entire administrative record to determine whether the decision is supported by substantial evidence, but may "not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ." *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (citing *Youghiogheny & Ohio Coal Co. v. Webb*, 49 F.3d 244, 246 (6th Cir. 1995)). An administrative decision is not subject to reversal

2

merely because substantial evidence would have supported the opposite conclusion. *Smith v. Chater*, 99 F.3d 780, 781 (6th Cir. 1996). "Conversely, if the ALJ commits an error of law, the court must reverse and remand, 'even if the factual determinations are otherwise supported by substantial evidence and the outcome on remand is unlikely to be different.'" *Reynolds*, 424 F. App'x at 414 (6th Cir. 2011) (quoting *Kalmback v. Comm'r of Soc. Sec.*, 409 F. App'x 852, 859 (6th Cir. 2011)).

The ALJ conducts a five-step analysis in determining disability.  Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments, alone or in combination, are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform her past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform.  As to the last step, the burden of proof shifts from the claimant to the Commissioner.  *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

### B.    The ALJ's Determination

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 24, 2007, the alleged onset date. (Tr. 11).  At Step 2, the ALJ determined that Plaintiff had the following severe impairments: spina bifida occulta, osteoarthritis in the knees and hips, and a history of hernia and enlarged liver.  (Tr. 11).  The ALJ recognized that Plaintiff had a mental impairment of depressive disorder NOS but found this impairment was nonsevere.  (Tr. 11-12).  At Step 3, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of

3

the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 12).

At Step 4, the ALJ found Plaintiff to have the residual functional capacity (RFC) to perform a reduced range of light work as that term is defined in 20 C.F.R. §§ 404.1567(b), 416.967(b), except that she must be allowed to alternate between standing and sitting occasionally throughout the work day; may only engage in occasional climbing of stairs or ramps; and may not engage in any climbing of ladders, ropes, or scaffolds.  (Tr. 12). Based upon the RFC, the ALJ found Plaintiff unable to perform her past relevant work.  (Tr. 16).

At Step 5, the ALJ found that Plaintiff was 42 years old on the alleged onset date, which is defined as a younger individual.  (Tr. 16).  *See* 20 C.F.R. §§ 404.1563, 416.963. The ALJ also found Plaintiff to have a limited education with the ability to communicate in English.  (Tr. 16).  Relying on the testimony of a vocational expert (VE) and considering Plaintiff's age, education, work experience and RFC, the ALJ determined that there existed a significant number of jobs in the national economy that Plaintiff could perform.  (Tr. 16). ALJ Sims therefore concluded that Plaintiff was not under a disability, as defined in the Social Security Act, from the alleged onset date through the date of his decision.  (Tr. 17).

### C.    Analysis

Plaintiff raises several arguments on appeal.  First, Plaintiff argues that the ALJ failed to give proper deference to the opinion of the treating physician and adequate reasoning for refusing to accept this opinion.  Second, Plaintiff asserts that the ALJ did not consider the combined effects of her impairments.  Third, Plaintiff argues that the ALJ failed to consider the durational requirement of substantial gainful activity.  Fourth, Plaintiff argues that she meets a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Finally,

4

Plaintiff argues that her testimony was improperly ignored by the ALJ.  Each argument will be addressed in turn.

### 1. The ALJ Did Not Improperly Reject the Opinion of the Treating Physician

Plaintiff argues that ALJ Sims improperly rejected the opinion of treating physician, Dr. Melissa Zook.  "Generally, the opinions of treating physicians are given substantial, if not controlling, deference."  *Warner v. Comm'r of Soc. Sec.,* 375 F.3d 387, 390 (6th Cir. 2004) (citing 20 C.F.R. § 404.1527(d)(2)).  However, such opinions do not automatically bind the ALJ, as the opinions of treating physicians are only entitled to controlling weight when they are "supported by objective medical evidence," *Jones*, 336 F.3d 469, 477 (6th Cir. 2003), and are uncontradicted by substantial evidence.  *Hardaway v. Sec'y of Health & Human Servs*., 823, F.2d 922, 927 (6th Cir. 1987).  If the ALJ finds that the treating physician's opinion fails to meet these two conditions, he may discredit that opinion, so long as he communicates a reasonable basis for doing so.  *Coldiron v. Comm'r of Soc. Sec.,* 391 F. App'x 435, 441 (6th Cir. 2010) (citing *Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987)).  "The determination of disability is [ultimately] the prerogative of the [Commissioner], not the treating physician."  *Warner*, 375 F.3d at 390 (quoting *Harris v. Heckler*, 756, F.2d 431, 435 (6th Cir. 1985)) (internal quotations omitted).  Accordingly, an ALJ may elect not to give controlling weight to a treating physician's opinion, as long as he provides "good reasons" for so doing.  *Wilson v. Comm'r of Soc. Sec*., 378 F.3d 541, 544 (6th Cir. 2004); 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

In this case, the ALJ rejected the restrictions included in Dr. Zook's March 5, 2010 physical RFC assessment.[1]  (Tr. 15).  Dr. Zook opined that Plaintiff could walk up to two hours and sit up to four hours, but never stand, in an eight hour work day.  (Tr. 635).  She also found Plaintiff totally unable to squat, crawl, climb, or operate foot controls.  (Tr. 635).  Dr. Zook stated that Plaintiff could frequently lift or carry up to ten pounds and occasionally lift or carry up to twenty pounds.  (Tr. 635).  Dr. Zook did not perform a specific physical exam in order to complete the RFC assessment.  (Tr. 635).  Ultimately, the ALJ found these severe restrictions to be inconsistent with the evidence as a whole.  (Tr. 15).

Dr. Zook's RFC assessment was inconsistent with her own treatment records.  (Tr. 486, 492, 507, 635).  Throughout her course of treatment, Dr. Zook never restricted any of Plaintiff's daily activities. The absence of physical restrictions from a treating physician constitutes substantial evidence that an impairment is not disabling.  *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 596 (6th Cir. 2005) (quoting *Maher v. Sec'y of Health & Human Servs.*, 898 F.2d 1106, 1109 (6th Cir. 1989)).  Indeed, Dr. Zook's records document very little other than a diagnosis and prescribed medication.  Plaintiff herself testified that Dr. Zook "doesn't take the time really to check" her.  (Tr. 39).  Moreover, Dr. Zook's records indicate Plaintiff treated conservatively with pain medication and a few knee injections that resulted in an overall improvement to Plaintiff's condition.  (Tr. 486, 492, 508).  Finally, Dr. Zook's physical RFC assessment fails to point to any particular records in Plaintiff's medical history to support her conclusions.  (Tr. 635).  The regulations state that "[t]he more a

---

[1]  While the ALJ found no significant weight would be given to Dr. Zook's physical RFC assessment, the ALJ did not totally reject Dr. Zook's conclusions. In fact, the ALJ incorporated part of Dr. Zook's assessments regarding the Plaintiff's lifting and carrying capacity into the Plaintiff's RFC.  (Tr. 16, 635).

6

medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion." 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3).

Furthermore, Plaintiff's own testimony conflicts with the severe restrictions contained in Dr. Zook's RFC assessment. On November 2, 2007, the month of the alleged disability onset, although Plaintiff complained of "significant pain in [her] right knee and hip," she continued to work double shifts at the nursing home. (Tr. 507). In July 2008, Plaintiff reported to Dr. Zook that her pain had improved, and she was able to "work...hard in [her] garden–getting everything harvested and put up." (Tr. 492). While Dr. Zook concluded that Plaintiff could sit up to four hours in an eight hour work day and never stand, Plaintiff testified at her hearing that standing and sitting were the same to her, and she could, in fact, stand if she was able to change positions every five to ten minutes. (Tr. 32). Further, in describing everyday activities, Plaintiff testified she would "make [her] coffee...fix a bite to eat and...do a load of laundry...[j]ust basically pick up around the house." (Tr. 34). Indeed, Plaintiff testified to doing laundry and housework "*pretty much...everyday*." (Tr. 34) (emphasis added). Such activities necessarily include standing, directly contradicting Dr. Zook's assessment. For all of these reasons, substantial evidence supports the ALJ's decision to reject Dr. Zook's RFC assessment.

### 2.   The ALJ Did Not Fail to Consider the Combined Effects of Plaintiff's Impairments

Plaintiff argues the ALJ failed to consider the combined effects of her impairments. This argument also fails. The ALJ must "consider the combined effect of all [the individual's] impairments without regard to whether any such impairment, if considered

7

separately, would be of sufficient severity.  If [the ALJ] find[s] a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process."  20 C.F.R. §§ 404.1523; 416.923.

In the present case, the ALJ individually addressed Plaintiff's impairments of spina bifida occulta, osteoarthritis of the knees and hips, hernia, enlarged liver, and depressive disorder NOS, referencing the medical records pertinent to each condition discussed.  (Tr. 11-15).  The ALJ's "individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination."  *Loy v. Sec'y of Health & Human Servs.*, 901 F.2d 1306, 1310 (6th Cir. 1990) (quoting *Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987)).  Moreover, ALJ Sims makes numerous references to the evidence as a whole, indicating that a holistic overview of Plaintiff's medical conditions was employed in making his determination.  ("The evidence as a whole supports...") (Tr. 12); ("After careful consideration of the entire record, the undersigned finds...") (Tr. 12); ("In making this finding, the undersigned has considered all symptoms...") (Tr. 13); ("In sum, based on the longitudinal evidence...") (Tr. 16).  Accordingly, the record supports the determination that the ALJ did not fail to consider the combined effects of Plaintiff's impairments, and therefore Plaintiff's claim is without merit.

### 3.   The ALJ Properly Considered the Durational Requirement of Substantial Gainful Activity

Plaintiff contends that the ALJ erred by failing to consider the durational requirement of substantial gainful activity.  Plaintiff cites *Gatliff v. Comm'r of Soc. Sec.*, 172 F.3d 690 (9th Cir. 1999) for the proposition that substantial gainful activity means more than merely the ability to find a job and physically perform the same but also requires the ability to hold

the job for a significant period of time. *Id.* at 694. This is not the first time that counsel for

Plaintiff, Roger Donald Riggs, has unsuccessfully presented this argument before the

undersigned and other federal judges within the Eastern District of Kentucky. Recently, in

*Clark v. Astrue*, No. 11-260-ART, 2011 WL 6742926, at *4 (E.D. Ky. Dec. 23, 2011), Judge

Thapar noted:

> Mr. Riggs appears to have made a separate durational requirement
> argument based on *Gatliff* fifty-one times in the Eastern District of Kentucky
> over the past two years, and all fifty-one times, the district courts have
> rejected this argument. Mr. Riggs is certainly entitled to present this
> argument in his filings, but he should, at the very least, acknowledge adverse
> rulings and explain why they are incorrect. *See* Fed. R. Civ. P. 11(b)(2). He
> has done neither.

Moreover, in *Treadway v. Astrue*, Case No. 5:11-cv-345-DCR, (Doc. # 10), Judge Reeves,

acknowledging Judge Thapar's opinion in *Clark*, ordered Mr. Riggs to supplement his

memorandum filed in support of the plaintiff's motion for summary judgment with respect

to the durational requirement argument. Consequently, until counsel presents an

explanation as to why this Court's previous adverse rulings were incorrect, this argument

will be dismissed outright.

### 4.    Plaintiff Failed to Show That She Meets a Listing

Plaintiff challenges the ALJ's determination that Plaintiff fails to meet a listed

impairment, asserting that "the medical evidence is clear and it does indicate evidence of

intensity, frequency and duration so as to seriously interfere with Plaintiff's ability to

function." (Doc. # 10-1, at 4). However, Plaintiff has failed to identify what listing(s) her

impairments allegedly meet. Thus, Plaintiff's argument lacks the specificity required on

appeal. *Hollon ex rel. Hollon v. Com'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006).

When a plaintiff fails to offer any particularized argument to support her assertion, this

Court will not "formulate arguments on the Plaintiff's behalf" or engage in an "open-ended review of the entirety of the administrative record to determine...whether it might contain evidence that arguably is inconsistent with the Commissioner's decision, and...whether the Commissioner sufficiently accounted for this evidence." *Id.*

Not only has Plaintiff failed to direct the Court's attention to which listing(s) her impairments allegedly meet, Plaintiff has also failed to offer any supporting medical evidence to support her assertion. "When a claimant alleges that [s]he meets or equals a listed impairment, [s]he must present specific medical findings that satisfy the various tests listed in the description of the applicable impairment or present medical evidence which describes how the impairment has such equivalency." *Thacker v. Soc. Sec. Admin.*, 93 F. App'x 725, 727 (6th Cir. 2004). Without citing any medical evidence to show that she meets a listing, Plaintiff has failed to meet this burden.

### 5.   The ALJ Properly Assessed the Credibility of Plaintiff's Testimony

Finally, Plaintiff argues ALJ Sims improperly ignored Plaintiff's testimony regarding the limiting effects of her impairments. Credibility determinations are generally reserved for the ALJ and should not be discarded lightly. *Jones*, 366 F.3d at 476. Meaningful review, however, requires more than "blanket assertions that the claimant is not believable." *Rogers v. Comm'r Soc. Sec.*, 486 F.3d 234, 248 (6th Cir. 2007). If the ALJ finds that the claimant's subjective complaints are not supported by objective medical evidence, the ALJ must consider the claimant's credibility by reviewing the entire record. *Kalmbach v. Comm'r of Soc. Sec.*, 409 F. App'x 852, 862-863 (6th Cir. 2011). Once the ALJ has made a credibility determination, 20 C.F.R. §§ 404.1529, 416.929 and Social Security Ruling 96-

7p require the ALJ to explain the "credibility determination in his decision with sufficient specificity as 'to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for the weight.'" *Id.* at 863 (quoting SSR 96-7p, 1996 WL 374186, at *2 (Dec. 2, 1996)).  An ALJ may consider a plaintiff's daily and social activities when evaluating her credibility.  *Blancha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990).

At the hearing, Plaintiff alleged that she stopped working because she couldn't sleep at night, was in constant pain, and was unable to perform at work because of the pain.  (Tr. 30).  However, in her initial application paperwork, Plaintiff reported that she stopped working in November 2007 because her employment was terminated due to "conflicting personalities."  (Tr. 152).  Plaintiff's lack of candor with the ALJ certainly provided ample reason for him to discredit her testimony.  Moreover, Plaintiff's termination raises questions about whether her current unemployment is a result of her medical problems.

ALJ Sims also found that Plaintiff's reported daily activities were inconsistent with her allegations of disabling pain.  As stated above, Plaintiff worked double shifts the month of her alleged disability.  Additionally, after conservative treatment with pain medication and knee injections, Plaintiff reported significant improvement and that she was "working hard in [her] garden–getting everything harvested and put up."  (Tr. 14).  Plaintiff testified that she was able to cook, clean her house daily, go shopping, and attend church on Sundays.  (Tr. 34, 163, 175).

Plaintiff does not provide the Court with any rationale to support her argument.  Rather, she relies on conclusory statements, telling the Court:  "Plaintiff is aware of her problems and the limitations which they cause her.  She testified credibly of the problems

11

from which she suffers, and the reports of the doctors substantiate her testimony." (Doc. # 10-1, at 5). Despite Plaintiff's contention that the medical records support her allegations of disability, Plaintiff fails to provide any citation to the record. Contrary to Plaintiff's assertions, ALJ Sims stated sufficient reasons for his credibility findings, which were reasonable and supported by substantial evidence. For these reasons, the Court declines to disturb the ALJ's credibility findings on appeal.

### III.  CONCLUSION

For the reasons stated herein, the Court concludes that the ALJ's finding that Plaintiff was not disabled for purposes of the Social Security Act was supported by substantial evidence. Although the record contains conflicting evidence, the Court finds that the ALJ properly performed his duty as trier of fact in resolving the conflicts in evidence. *See Richardson v. Perales*, 402 U.S. 389, 399 (1971). Accordingly, for the reasons stated,

**IT IS ORDERED** as follows:

1.    The decision of the Commissioner is supported by substantial evidence and is  hereby **AFFIRMED**;

2.    Plaintiff's Motion for Summary Judgment (Doc. # 10) is hereby **DENIED;**

3.    Defendant's Motion for Summary Judgment (Doc. # 11) is hereby **GRANTED**; and

4.    A Judgment affirming this matter will  be  entered contemporaneously herewith.

This 17th day of February, 2012.



Signed By:

*David L. Bunning*    DB

**United States District Judge**

G:\DATA\SocialSecurity\MOOs\London\6-11-169 Caldwell MOO.wpd

13